Daniel M. COSTON, Plaintiff–Appellant,

v.

Andrew NANGALAMA; Hale, Defendants–Appellees.

No. 15–15397

United States Court of Appeals, Ninth Circuit.

Submitted September 13, 2016 *

Filed September 21, 2016

Daniel M. Coston, Corcoran, CA, Pro Se.

Shanan L. Hewitt, Jesse Manuel Rivera, Jill Brockman Nathan, Rivera & Associates, Sacramento, CA.

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

MEMORANDUM **

California state prisoner Daniel M. Coston appeals pro se from the district court's judgment as a matter of law under Fed. R. Civ. P. 50(a) in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Krechman v. County of Riverside*, 723 F.3d 1104, 1109 (9th Cir. 2013). We vacate and remand.

---

ed by Ninth Circuit Rule 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

The district court erred by concluding that judgment as a matter of law was proper on the basis of Coston's failure to provide evidence establishing defendants' deliberate indifference because the district court did not give Coston a Rule 50(a) notice prior to dismissal. *See Waters v. Young,* 100 F.3d 1437, 1442 (9th Cir. 1996) (under Rule 50, trial court has a responsibility to inform the non-moving party of deficiencies in its proof and to afford that party an opportunity to correct any such deficiency); *see also Rand v. Rowland,* 154 F.3d 952, 961 (9th Cir. 1998) (failure to give Rule 50(a) notice to pro se litigant constitutes per se reversible error without regard to prejudice). Accordingly, we vacate the judgment and remand for further proceedings.

**VACATED and REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.